IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DANIEL JOHNSON                                                            PLAINTIFF

v.                                          CIVIL ACTION NO. 3:12-cv-21-CWR-FKB

WAL-MART STORES EAST, LP, et al.                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Wal-Mart Stores East, LP ("Wal-Mart")'s motion to dismiss. Docket No. 25. The motion is DENIED.

**I. Factual and Procedural History**

Plaintiff Daniel Johnson was an employee of an independent contractor that Wal-Mart hired to regularly conduct food product demonstrations. Johnson was severely injured when a stack of candy boxes and a steel sign fell on him while he was working at Wal-Mart's store in Clinton, Mississippi.

Johnson filed this action in state court on December 21, 2011. His complaint alleges that Wal-Mart's conduct, as premises owner, renders it liable for various state law claims, including: negligence, negligent supervision/training, negligent infliction of emotional distress, and respondeat superior. Wal-Mart removed the action to this Court on January 11, 2012, on the basis of diversity jurisdiction under 28 U.S.C. 1332. Wal-Mart subsequently filed its motion to dismiss this claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion has been fully briefed. This Court has jurisdiction and is prepared to rule.

**II. Standard of Review**

In reviewing a 12(b)(6) motion to dismiss, the Court must "accept[] all well-pleaded facts as true" and "view[] those facts in the light most favorable to the plaintiff." *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007) (citations omitted). "However, we are 'not bound to accept as true

a legal conclusion couched as factual allegation.'" *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). "The plaintiff must plead 'sufficient factual matter . . . to state a claim to relief that is plausible on its face.'" *Id.*

### III. Law and Analysis

Wal-Mart argues that it is immune from liability under Mississippi Code section 11-1-66 and under Mississippi common law.

> Mississippi Code Annotated section 11–1–66, entitled "Immunity of premise[s] owners from civil liability in certain circumstances," states: "No owner, occupant, lessee or managing agent of property shall be liable for the death or injury of an independent contractor or the independent contractor's employees resulting from dangers of which the contractor knew or reasonably should have known." Likewise, Mississippi common law protects business owners from injuries sustained by independent contractors on the work site.

*McSwain v. Sys. Energy Res., Inc.*, 97 So. 3d 102, 108 (Miss. Ct. App. 2012) (citing *Miss. Chem. Corp. v. Rogers,* 368 So.2d 220, 222 (Miss. 1979)).

The first part of the statutory exemption is satisfied. Johnson does not dispute that he was present at Wal-Mart as the employee of an independent contractor. The remaining question, however, is whether the danger alleged to have caused Johnson's injury is one of which the contractor knew or reasonably should have known.

Johnson has pleaded the following allegations regarding the hazard:

> 13. Plaintiff was working for his employer, Advantage Sales Marketing, and entered Defendants' store to set up and present some sort of food product demonstration.
> 14. Plaintiff proceeded to a warehouse area in the back of Defendants Wal-Mart's store to set up the product demonstration which consisted of a large stainless steel demonstration cart with a height adjustable steel sign on top.
> 15. While Plaintiff was away from the demonstration cart, an employee(s) of Defendants Wal-Mart placed several boxes of chocolate or some other sort of candy on the cart.
> 16. Defendants knew or should have known that the demonstration cart was not their property.

> 17. Defendants knew or should have known that nothing was to be placed on the stainless steel demonstration cart.
> 18. Defendants failed to put out any type of sign warning employees not to place merchandise on the demonstration cart.
> 19. Defendants failed to remove the boxes from the demonstration cart and allowed the hazardous condition to continue to exist.
> 20. When Plaintiff tried to remove the boxes from the demonstration cart, the stainless steel, sign displayed above the cart fell and hit Plaintiff in the head and face causing Plaintiff to fall backwards and severely injured him.

Docket No. 1-1. Wal-Mart argues that it cannot be held liable because, in its estimation, these allegations only lead to the conclusion that the danger complained of was one of which Johnson knew or should have known and that section 11-1-66 thus bars it from liability.

In support of this contention, Wal-Mart cites *Galvan v. Mississippi Power Co.*, No. 1:10-cv-159, 2012 WL 1898889 (S.D. Miss. May 22, 2012). In *Galvan*, a worker was killed in an accident when scaffolding collapsed while he was present at his worksite as an employee of an insulation company that was hired to perform certain work for its client, including the construction of scaffolding. The decedent's spouse sued the premises owner for wrongful death due to unsound construction of the scaffolding. *Id.* at *1. The Court granted Defendant's motion to dismiss, finding the lawsuit barred by section 11-1-66 because the employer reasonably should have known of the danger created when it failed to build the scaffolding in compliance with federal safety statutes, and where it "considered itself an expert with respect to that work." *Id.* at 5.

Courts have applied a similar standard when assessing claims of immunity under Mississippi common law. At common law, an owner is under no duty to protect an independent contractor's employee from a danger "which is inherent to the work the independent contractor is employed to perform or which arises from, or is intimately connected with, that work." *Galvan*, 2012 WL 1898889 at *5 (citing *Magee v. Transcontinental Gas Pipe Line Corp.*, 551 So. 2d 182,

185 (Miss.1989)). Under this exception, the critical factor is "'whether the project owner maintains any right of control over the performance of that aspect of the work that has given rise to the injury.'" *Nelson v. Sanderson Farms, Inc.*, 969 So. 2d 45, 50 (Miss. Ct. App. 2006) (quoting *Magee*, 551 So. 2d at 186); *see also McSwain v. Sys. Energy Res., Inc.*, 97 So. 3d 102, 109 (Miss. Ct. App. 2012) ("The policy behind this exception is that [t]he party in the best position to eliminate a dangerous condition should be burdened with that responsibility.") (citation and quotation marks removed). The exception will not apply "if the plaintiff can show that . . . the premises 'owner maintained substantial de facto control over those features of the work out of which the injury arose.'" *Nelson*, 969 So. 2d at 50. Accordingly, courts look for some indication that the "hazardous condition complained of . . . [arose] out of a condition of the property created by the owner or existing on the property in a concealed state at the commencement of the project." *See Galvan*, 2012 WL 1898889 at *6 (quoting *Bevis v. Linkous*, 856 So. 2d 535, 540-41 (Miss. Ct. App. 2003)).

Unlike the *Galvan* plaintiff, Johnson has alleged facts indicating that the danger that caused his injuries was created by the defendant and was one of which his employer could not have been aware. As alleged, the hazardous boxes belonged to Wal-Mart and were placed on the cart while both items were under Wal-Mart's control. Accordingly, Johnson's allegations indicate that the danger arose "out of a condition of the property created by the owner or existing on the property in a concealed state at the commencement of the project" and that his employer could not have known of the alleged danger, nor should it have expected that a danger of that sort would present itself to one of its employees. *Id. But cf. Ratcliff v. Georgia Pac. Corp.*, 916 So. 2d 546, 549 (Miss. Ct. App. 2005) (finding that premises owner could not be liable where the hazardous duties performed by plaintiff were expressly agreed to in his employer's contract with

4

the owner). Therefore, at this stage of the litigation immunity should not attach under section 11-1-66 or Mississippi common law; the motion should be denied.[1]

### IV. Conclusion

For the forgoing reasons, Wal-Mart's motion is DENIED.

**SO ORDERED,** this the 31st day of January, 2013.

> s/Carlton W. Reeves
> UNITED STATES DISTRICT JUDGE

---

[1] The Court separately notes that Wal-Mart, in its reply, asks this Court—for the first time—to treat its motion to dismiss as a motion for summary judgment. Although there are occasions when a Court "may rely on arguments and evidence presented for the first time in a reply brief," *see Vais Arms, Inc. v. Vais*, 383 F.3d 287, 292 (5th Cir. 2004), the "reply memorandum is not the appropriate place to raise new arguments." *Bailey v. Am. Home Mortg. Servicing, Inc.*, No. 3:11-cv-407, 2012 WL 2051870, at *2 (S.D. Miss. June 6, 2012) (citations omitted). Furthermore, it remains within the Court's discretion to decide whether to convert a motion to dismiss to a motion for summary judgment. *Gen. Retail Services, Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007). The Court, being of the mind that fairness precludes Wal-Mart from converting its own motion at the back-end, declines to convert Wal-Mart's motion into a motion for summary judgment.